UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AGL SERVICES COMPANY and NORTHERN ILLINOIS GAS COMPANY d/b/a NICOR GAS, <br><br> Plaintiffs, <br><br> v. <br><br> ECOFURN LLC, <br><br> Defendant. | Case No. 23-cv-04263 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs AGL Services Company (AGLSC) and Northern Illinois Gas Company d/b/a Nicor Gas (Nicor Gas) bring this declaratory judgment action against Defendant EcoFurn LLC. EcoFurn moves to dismiss under Federal Rule of Civil Procedure 12(b)(1). [13]. For the reasons explained below, this Court grants EcoFurn's motion to dismiss. [13].

I. **Background**

Plaintiffs are two subsidiaries of Southern Energy Company, with AGLSC headquartered in Atlanta, Georgia and Nicor Gas in Naperville, Illinois. [1] ¶¶ 6-7. EcoFurn is a Michigan-based company focused on creating energy-efficient furnaces. *Id.* ¶¶ 8, 18.

1

Nicor Gas runs a program called the Gas Technology Institute that evaluates the efficacy and savings potential of new natural gas technology. *Id.* ¶¶ 16-17. Firms that vet their new products with energy companies before coming to market often win consumer rebates. [13] at 2.

In 2018, EcoFurn approached the Nicor Gas program with its "EcoFurn Unit," an add-on to single stage furnaces that EcoFurn touted could provide energy savings of "up to 20%." [1] ¶ 19. EcoFurn and AGLSC executed an NDA on December 10, 2018. *Id.* ¶ 21. GTI then tested EcoFurn's product and determined that it did not recoup the savings as promised. *Id.* ¶¶ 23-24. In April 2019, GTI published its findings on the Nicor Gas public website. *Id.* ¶¶ 25, 28; [13] at 3.

Thomas Brock, the president of EcoFurn, reportedly discovered the publication when a Michigan utility company cited it as a reason for turning down a partnership with EcoFurn. [13-1]. Mr. Brock immediately contacted Southern Energy to request the report be removed from the Nicor Gas website. [13-3]; [1] ¶ 32. Southern Energy did so at the beginning of Octoer 2022. [13-4]. From October to November 2022, EcoFurn and Nicor Gas engaged in settlement discussions that were ultimately unsuccessful. [1] ¶ 33; *see* [13-5]; [13-6]; [13-7].

On June 23, 2023, counsel for EcoFurn reached out to Nicor Gas again to request a settlement, this time attaching a demand letter and draft complaint. [1] ¶ 34; [13-8]. The caption of the draft complaint indicated that it would be filed in state court in DuPage County. *Id.* On June 27, 2023, Julie Adkins, Chief Litigation Counsel for

2

Nicor, responded that she would review the documents. [13-9]. Plaintiffs Nicor Gas and AGLSC brought this declaratory judgment action against EcoFurn a few days later, on July 3, 2023. [1]. On September 5, 2023, EcoFurn sued Nicor Gas and AGLSC in the Circuit Court of Cook County for breach of contract and tortious interference. [13-1].

## II. Standard

A Rule 12(b)(1) motion seeks dismissal of an action over which a court allegedly lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).[1] In evaluating a 12(b)(1) motion, the Court accepts as true Plaintiffs' well-pleaded allegations and draws all reasonable inferences in favor of the nonmoving party. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Nevertheless, the party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). The court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long*, 182 F.3d at 554 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)) (internal quotation marks omitted).

## III. Analysis

---

[1] As the Court discusses next, EcoFurn's motion is more accurately a motion to dismiss on abstention grounds. Such motions "do[] not fit neatly into Rule 12(b)(1) or Rule 12(b)(6)," but when a party "asks the Court to decline jurisdiction, as [defendant's] motion does, it fits more comfortably under Rule 12(b)(1)." *Nadzhafaliev v. Hardy*, 403 F.Supp.3d 663, 667 (N.D. Ill. 2019) (internal quotation marks omitted) (quoting *Bolton v. Bryant*, 71 F.Supp.3d 802, 809 (N.D. Ill. 2014)).

In this case, Plaintiffs ask the Court to make seven declarations:

1) Plaintiffs are not liable for EcoFurn for damages caused by breach of the NDA;

2) AGLSC did not breach the NDA;

3) Nicor Gas did not induce AGLSC to breach the NDA;

4) Plaintiffs did not tortiously interfere with EcoFurn's contractual relationships with other parties;

5) Plaintiffs did not tortiously interfere with EcoFurn's reasonable business expectations with other parties;

6) Plaintiffs are entitled to attorney's fees and costs incurred in this suit; and

7) Moving forward, Plaintiffs can publish the GTI report on the Nicor Gas public website.

[1].

It is undisputed that EcoFurn's state court action will resolve all but the last two issues. EcoFurn argues for dismissal on the basis that this suit is duplicative, and state court is a more appropriate forum to adjudicate the substantive issues related to Plaintiffs' liability. Plaintiffs respond that this Court can effectively "settle the controversy" between the parties. For the following reasons, the Court agrees with EcoFurn and declines to exercise its jurisdiction here.

4

The Federal Declaratory Judgment Act authorizes federal courts to award declaratory relief. 28 U.S.C. § 2201(a). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In *Wilton,* the Supreme Court drew on an earlier case, *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942), to settle that when a district court "determines after a complaint is filed that a declaratory judgment will serve no useful purpose," it is authorized, "in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment . . . " 515 U.S. at 288. Courts have now fleshed out the *Wilton-Brillhart* doctrine to assess whether "considerations of practicality and wise judicial administration" counsel in favor of abstention.[2] *Id.*

Per the Seventh Circuit, the "classic example" of *Wilton*/*Brillhart* abstention is when "solely declaratory relief is sought and parallel state proceedings are ongoing." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). A parallel state suit epitomizes the need for efficiency and conservation of judicial resources, and also triggers concerns for comity and federalism. "Comity implies more than deference to the opinion of equally capable state courts; it places "substantial value in securing uniformity of decision, and discouraging repeated litigation of the

---

[2] Both parties cite cases applying the *Wilton-Brillhart* doctrine without ever naming or describing the doctrine. The Court will use the factors provided by the Seventh Circuit and incorporate the parties' arguments therein.

5

same question.'"" *Ray v. Raj Bedi Revocable Trust*, 611 F.Supp.3d 567, 578 (N.D. Ind. 2020) (quoting *Mast Foos & Co. v. Stover Mfg. Co.*, 177 U.S. 485, 488 (1900)).

Two actions are parallel when "substantially the same parties are contemporaneously litigating the same issues in two fora." *Envision*, 604 F.3d at 986. Here, there is no real question that the state case is parallel to the federal case. The parties are identical in both suits. And the state court will resolve identical issues— that is, the "same precise legal questions," *id.* at 987—that Plaintiffs ask this Court to decide. EcoFurn's claims for breach of contract and tortious interference overlap with all but one of the substantive declarations that Plaintiffs seek here. The attorneys' fees declaration is an adjunct issue. The remaining declaration, whether Plaintiffs can publish the GTI report in the future, is likely to be addressed by the state court's analysis of Nicor's liability under the NDA. Moreover, both courts will consider the parties' contractual agreements and the same facts surrounding Plaintiffs' publication of the report. The fact that "both cases can be resolved by examining much of the same evidence" is a strong indicator that the proceedings are parallel. *Ironshore Indem., Inc. v. Synergy L. Grp., LLC*, 926 F. Supp. 2d 1005, 1013 (N.D. Ill. 2013) (citing *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 647 (7th Cir. 2011)). This case is thus the "classic" prospect for *Wilton-Brillhart* abstention: "another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Brillhart*, 316 U.S. at 495) (cleaned up).

6

In *Envision*, the parallel proceeding determination was enough for the court to affirm abstention, full stop. *See* 604 F.3d at 986. On top of this central question, the Seventh Circuit has laid out additional factors for *Wilton/Brillhart* abstention: "whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation," and "whether comparable relief is available to the plaintiff seeking declaratory judgment in another forum or at the same time." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). Applied here, the *Zavalis* factors also weigh in favor of abstention.

Declaratory judgment will not clarify the parties' legal relationships because the claims here echo the substantive claims in state court. Plaintiffs admit that a decision by this Court "will settle all underlying issues between Plaintiffs and EcoFurn, including EcoFurn's anticipated counterclaims for breach of contract and tortious interference." [21] at 7. As EcoFurn points out, this is not a case where the Court is asked only to interpret an operative agreement and stop short of deciding an ultimate question of fact. *Cf. Owners Ins. Co. v. Step Seven LLC*, No. 3:22-CV-50396, 2023 WL 4549530 (N.D. Ill. July 14, 2023). The claims are duplicative. Thus, there is no reason for the Court to take up a "case that has already begun to develop and is likely to remain in state court." *Ironshore*, 926 F.Supp. at 1015.[3] Also, as to the last *Zavalis*

---

[3] Fact discovery is already underway in the state case. *See EcoFurn, LLC v. AGL Services Company d/b/a Nicor Gas,* No. 23-L-8912 (Cir. Ct. Cook County).

7

factor, Plaintiffs can obtain similar remedies (save attorneys' fees in this case) if the state court finds in their favor.

Plaintiffs submit a few stray arguments about the "clarifying relationships" factor, but none have merit. First, Plaintiffs contend that a decision by this Court will clarify their forward-looking rights under the NDA. However, as the Court previously discussed, the state court's determination of Plaintiffs' liability for past conduct will likely affect the legality of future publications. Next, Plaintiffs cite *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.* to argue that declaratory relief will "afford relief from the uncertainty and controversy" caused by EcoFurn's threats to litigate. 28 F.3d 572, 579 (7th Cir. 1994*)*. The key difference between this case and cases like *NUCOR* is that here, EcoFurn has already filed a parallel suit. *See id.* at 578 ("Here, another lawsuit between the parties involving identical issues has not been filed; yet, Aceros has clearly threatened suit against Nucor.").

Plaintiffs make much of the two months' difference between their suit and EcoFurn's, as well as the fact that EcoFurn's draft complaint was captioned in DuPage County, a forum not contemplated by the NDA. These circumstances, Plaintiffs argue, require the clarity and certainty of declaratory relief in the face of EcoFurn's feints towards litigation. The Court does not find the two-month gap unreasonable. *Cf. NUCOR,* 28 F.3d at 579 (finding eight months without parallel litigation weighed against abstention). Critically, *Wilton-Brillhart* abstention does not turn on the sequence of suits filed in different fora, but rather their symmetry.

8

Finally, EcoFurn sent the draft complaint to facilitate, not frustrate, a resolution of the case. *See* [13-8]. Taking all facts in the light most favorable to Plaintiffs, the Court finds it implausible that a declaratory action was necessary for Plaintiffs to clarify EcoFurn's legal position.

EcoFurn, for its part, emphasizes older cases that ask whether a party is using a declaratory action for "procedural fencing," or to shop for a favorable forum in federal court. The Court does not find it necessary to analyze the motivations behind each party's suit, as this case independently satisfies the criteria for abstention laid out in *Envision* and *Zavalis*.

This Court has broad discretion to abstain from or dismiss a suit seeking declaratory relief. *Wilton*, 515 U.S., at 288. Because of the similarities between this action and an ongoing state proceeding, and with an eye towards comity and judicial resources, the Court dismisses this case under the Federal Declaratory Judgement Act, 28 U.S.C. § 2201(a).

## IV. Conclusion

For the reasons explained above, this Court grants Defendant EcoFurn's motion to dismiss. [13]. As any effort at amending the complaint would be futile, judgment will enter. Civil case terminated.

E N T E R:

Dated: August 21, 2024

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

9